**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL SOLIS-JARAMILLO, | No. 21-70782 |
| Petitioner, | Agency No. A075-762-357 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2022[**]
Pasadena, California

Before: WARDLAW and W. FLETCHER, Circuit Judges, and KENNELLY,[***]
District Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Petitioner Miguel Solis-Jaramillo, a native and citizen of Mexico, seeks review of an immigration judge's ("IJ") decision affirming an asylum officer's negative reasonable fear determination. We deny Solis-Jaramillo's petition.

In September 2020, the Department of Homeland Security ("DHS") reinstated Solis-Jaramillo's 2001 order of removal pursuant to 8 U.S.C. § 1231(a)(5). Because Solis-Jaramillo expressed a fear of returning to Mexico, he was referred to an asylum officer for a reasonable fear determination. Solis-Jaramillo sought review by an IJ of the asylum officer's negative reasonable fear determination, as provided by 8 C.F.R. §§ 208.31(g) and 1208.31(g).

We have jurisdiction under 8 U.S.C. § 1252(a)(1) because the IJ's agreement with the negative reasonable fear determination rendered Solis-Jaramillo's reinstatement order final. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). We review an IJ's negative reasonable fear determination for substantial evidence. *See id.*

Substantial evidence supports the IJ's determination that Solis-Jaramillo failed to establish a "a reasonable possibility that [he] would be persecuted on account of [his] race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. §§ 208.31(c), 1208.31(c). To demonstrate persecution, Solis-Jaramillo must establish that (1) his "treatment rises to the level

2

of persecution;" (2) "the persecution was committed by the government, or by forces that the government was unable or unwilling to control" and (3) "the persecution was on account of one or more protected grounds." *Kaur v. Wilkinson*, 986 F.3d 1216, 1221 (9th Cir. 2021) (quoting *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc)). Solis-Jaramillo contends that the Familia Michoacana cartel threatened and extorted him and his family. Solis-Jaramillo's claim fails because the IJ reasonably found no nexus between the cartel's mistreatment and Solis-Jaramillo's membership in "a particular social group." *See* 8 C.F.R. §§ 208.31(c), 1208.31(c). The IJ reasonably concluded that the cartel targeted Solis-Jaramillo because of his family's wealth, not because he belonged to a cognizable particular social group.

Substantial evidence also supports the IJ's negative determination as to the reasonable fear of torture. The label "torture" is "reserved for extreme cruel and inhuman treatment that results in severe pain or suffering." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). The IJ reasonably concluded that the cartel's mistreatment did not rise to the level of torture. Additionally, the IJ reasonably found that Solis-Jaramillo could safely relocate to a different part of Mexico where the Familia Michoacana cartel does not operate. Solis-Jaramillo did

3

not offer evidence demonstrating that the cartel would target him in a different part of Mexico.

**PETITION DENIED.**